IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| EARL BRANTLEY INGRAM, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:21CV540–HEH |
| ) | |
| SPOTSYLVANIA COUNTY ) | |
| CIRCUIT COURT, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**
(Denying Motion to Transfer and Granting Motion to Dismiss)

Earl Brantley Ingram, Jr., a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this petition pursuant to 28 U.S.C. § 2254. ("§ 2254 Petition," ECF No. 1.) Respondent has moved to dismiss, alleging that Ingram failed to exhaust his state court remedies before initiating this action. (*See* ECF No. 9.) In response, Ingram filed a Motion to Transfer Pleading ("Motion to Transfer," ECF No. 13), in which he requests that this Court transfer his § 2254 Petition to the Supreme Court of Virginia. For the Reasons stated below, the Motion to Transfer (ECF No. 13) will be denied, the Motion to Dismiss (ECF No. 9) will be granted, and the action will be dismissed without prejudice.

A. **Motion to Transfer**

In support of his Motion to Transfer, Ingram cites to 28 U.S.C. § 1631, which states that:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want

> of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court (or, for cases within the jurisdiction of the United States Tax Court, to that court) in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631 (West 2022). As used in this section, the term "court" means:

> [T]he courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade.

28 U.S.C. § 610 (West 2022).

As an initial matter, Ingram has failed to allege, much less demonstrate that this Court lacks jurisdiction to hear his § 2254 Petition, which is a prerequisite for any transfer under 28 U.S.C. § 1631. However, even if he had made such a showing, this Court would still not be authorized to transfer this matter to the Supreme Court of Virginia because it is not one of the federal courts enumerated in 28 U.S.C. § 610. *See* 28 U.S.C. § 1631. Accordingly, the Motion to Transfer (ECF No. 13) will be denied.[1]

---

[1] To the extent that the Motion to Transfer could be construed as a request for free copies of prior pleadings or orders, it must also be denied. While the Court granted Ingram leave to proceed *in forma pauperis*, this status does not automatically entitle him to free copies of documents or rulings. Copies of documents are provided to indigent litigants at government expense only upon a showing of particularized need. *See Guinn v. Hoecker*, No. 94–1257, 1994 WL 702684, at *1 (10th Cir. 1994); *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990). Ingram fails to make a showing of particularized need. The Virginia courts utilize their own forms and have their own filing requirements for habeas proceedings. The Court fails to discern, and Ingram fails to explain how sending him free copies of his own pleadings is necessary to aid him in completing and properly filing any paperwork in the Virginia courts. If Ingram would like copies of certain documents, he may send a letter to the Clerk specifically requesting said copies. Copies are available at a rate of ten cents ($0.10) a page. Along with his request, Ingram should include a money order made payable to the *Clerk, U.S. District Court* for the appropriate amount.

### B. Motion to Dismiss

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (some internal quotation marks omitted) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92, 492 n.10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted).

Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before the petitioner can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "opportunity" to address the constitutional claims advanced on federal habeas review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each

3

appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* Fair presentation demands that a petitioner present "both the operative facts and the controlling legal principles" to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks omitted) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

This Court has previously concluded that "where a petitioner has failed to exhaust state court remedies for *all* of his claims, the federal court must dismiss the petition without prejudice . . . ." *Payne v. Johnson*, No. 3:07CV614, 2008 WL 3843447, at *1 (E.D. Va. Aug. 15, 2008) (quoting *Banks v. Johnson*, No. 3:07CV746–HEH, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008)); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (citation omitted) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.")

Respondent states that Ingram has never presented his claims to the Supreme Court of Virginia, either on direct appeal or collateral review. (ECF No. 11, at 5.) Respondent further states that even though it presently appears that certain of Ingram's claims "arguably may be defaulted, it is possible that [Ingram], as a result of [filing a] state habeas [petition], may receive a delayed appeal, in which he potentially could exhaust these claims . . . which could affect [the issue of] default in this Court." (*Id.* at 5–

4

6.) For his part, Ingram concedes that his claims were not exhausted and that he filed his habeas petition in "the wrong court." (ECF No. 13 at 1.)

Both parties agree that Ingram did not exhaust his state remedies with respect to all of his claims. Accordingly, the Motion to Dismiss (ECF No. 9) will be granted. The § 2254 Petition will be denied without prejudice. The action will be dismissed without prejudice. A certificate of appealability will be denied.[2]

An appropriate Order shall issue.

/s/
Henry E. Hudson
Senior United States District Judge

Date: April 5, 2022
Richmond, Virginia

---

[2] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Ingram has not satisfied this standard.

5